OPINION
This is an appeal as to the imposition of a maximum sentence imposed upon appellant by the Licking County Court of Common Pleas. Appellant was indicted on one count of aggravated vehicular assault in violation of R.C. 2903.08. Initially, an alcohol consumption specification had been charged but was later deleted by the State in the amended indictment. Numerous references are contained in appellee's brief as to potential results of such specification if established and the reasons for the amended indictment but this Court cannot consider any aspects of a specification which is not before this Court. Appellant entered a no contest plea to the amended charge. The facts underlying the offense, which were admitted (T. at 9, plea hearing) are that Appellant, while operating a motor vehicle after consumption of alcohol and impairment caused an accident resulting in serious injuries to his passenger. A relationship as a girlfriend existed between he and the passenger, Ms. Sprague. She indicated to the Court that no lasting injuries occurred and she has no ill will toward appellant. However, the record and admissions before the Court indicated a closed head injury and broken humerus requiring surgery. (T. at 10, plea hearing) It is reported that Appellant stated at the initial sentencing a feeling of remorse as to his conduct and that he had stopped drinking but the transcript is absent as to this testimony. One month after being placed on community control, appellant was charged with a DUI offense and driving under a suspended license. The Court, at the revocation hearing imposed the maximum sentence of 18 months incarceration. The Court, in imposing the sentence found that appellant had committed the worst form of the offense because of the harm resulting (T. at 8-9, sentencing hearing) and that he posed the greatest likelihood of re-offending and that the maximum sentence was not adequate to punish the appellant and to protect the public. The sole Assignment of Error presented is:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN IMPOSING THE MAXIMUM PRISON SENTENCE HEREIN.
Revised Code 2929.14(B) provides that the Court shall impose the shortest applicable prison term from the range provided for the degree of felony unless the Court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from further crime by the offender. Such section in subdivision (C) states that the Court may impose the longest authorized term, in this case 18 months, only upon those who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, and upon other offenses not relevant herein. Appellant in his brief acknowledges that he is not amenable to a community control sanction and that the presumption against incarceration has been overcome.
Further, appellant concedes that the initial community control sanction is not a bar to future consideration of a different, alternative sentence. In this regard, appellant cites State v. Kevin Yoh (5/2/00), Anglaize County App. No. 2-2000-01, unreported. While we agree that State v. Butts (1999), Licking County App. No. 99CA0029, unreported, does state that appellant's actions after the offense may be considered in the overall imposition of sentence but have no relevancy on the trial court's finding under R.C. 2929.14(C), we disagree that such statement supports appellant's Assignment of Error. The Court, under the admissions of appellant at the plea hearing as to the severity of injuries which resulted after admitted alcohol impairment, could find that appellant committed the worst form of the offense. The court did so find. Appellant stresses the comments of the victim as to her recovery. In light of the admitted serious injuries and the apparent relationship with appellant the court, in reviewing credibility, could discount these after-the-event statements as unreliable. The argument, in essence, is saying that a crime of this type constitutes the worst form only if the victim of an impaired driver does not recover from injuries while the impaired person causing injuries should benefit from recovery. It is the conduct which does or does not constitute the worst form of an offense not the final result to the victim.
This Court under the clear and convincing standard of R.C. 2953.08
determines that the record does support the sentence as do oral statements of appellant as required by R.C. 2953.08(F). The judgment of the trial Court is affirmed.
 ___________ Boggins, J.
Edwards, P.J. and Wise, J. concur.